

# NON-PUBLIC

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

**November 24, 2024**

| | |
|---|---|
| In the Matter of<br><br>Newbury Street Acquisition Corp.<br><br>B-03749 | ORDER DIRECTING PRIVATE INVESTIGATION AND DESIGNATING OFFICERS TO TAKE TESTIMONY |

I.

The Commission's public official files disclose that:

A. Newbury Street Acquisition Corp. ("Newbury Street") is a Delaware corporation headquartered in Boston, Massachusetts. Newbury Street's common stock is registered with the Commission pursuant to Section 12(b) of the Securities Exchange Act of 1934 ("Exchange Act"). Newbury Street's common stock trades on the over-the-counter market (ticker: NBSTU). Newbury Street files periodic reports, including Forms 10-K and 10-Q, with the Commission pursuant to Section 13(a) of the Exchange Act and related rules thereunder.

II.

The Commission has information that tends to show that from at least December 2022:

A. In possible violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"), Newbury Street, its officers, directors, employees, partners, subsidiaries, and/or affiliates, and/or other persons or entities, directly or indirectly, in the offer or sale of certain securities, may have been or may be employing devices, schemes, or artifices to defraud, obtaining money or property by means of untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading, or engaging in transactions, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon the purchaser. As part of or in connection with these activities, such persons or entities, directly or indirectly, may have been or may be, among other things, making false statements of material fact and omitting to disclose material facts concerning, among other things, the valuation of Newbury Street following the anticipated consummation of Newbury Street's initial business combination with Infinite Reality, Inc. While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may be using means or instruments of transportation or communication in interstate commerce or using the mails.

B. In possible violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Newbury Street, its officers, directors, employees, partners, subsidiaries, and/or affiliates, and/or other persons or entities, directly or indirectly, in connection with the purchase or sale of certain securities, may have been or may be employing devices, schemes, or artifices to defraud, making untrue statements of material fact or omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were or are made, not misleading, or engaging in acts, practices or courses of business which operated, operate, or would operate as a fraud or deceit upon any person. In connection with these activities, such persons or entities, directly or indirectly, may have been or may be, among other things, making false statements of material fact and omitting to disclose material facts concerning, among other things, the valuation of Newbury Street following the anticipated consummation of Newbury Street's initial business combination with Infinite Reality, Inc. While engaged in the above-described activities, such persons or entities, directly or indirectly, may have been or may be making use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

C. In possible violation of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, and 13a-13 thereunder, Newbury Street, its officers, directors, employees, partners, subsidiaries, and/or affiliates, may have been or may be filing or causing to be filed with the Commission annual reports on Form 10-K, current reports on Form 8-K, quarterly reports on Form 10-Q, and any amendments thereto that may have contained and may contain false statements of material fact or may have omitted and may omit to state material facts necessary, or may have failed to add such further material information as may be necessary, in order to make the statements made, in the light of the circumstances under which they were or are made, not misleading.

III.

The Commission, deeming such acts and practices, if true, to be possible violations of Section 17(a) of the Securities Act and Sections 10(b) and 13(a) of the Exchange Act and Rules 10b-5, 12b-20, 13a-1, 13a-11, and 13a-13 thereunder, finds it necessary and appropriate and hereby:

ORDERS, pursuant to the provisions of Section 20(a) of the Securities Act and Section 21(a) of the Exchange Act that a private investigation be made to determine whether any persons or entities have engaged in, or are about to engage in, any of the reported acts or practices or any acts or practices of similar purport or object; and

FURTHER ORDERS, pursuant to the provisions of Section 19(c) of the Securities Act and Section 21(b) of the Exchange Act, that for purposes of such investigation, John T. Dugan, William J. Durkin, Silvestre Fontes, Patrick J. Noone, Michele T. Perillo, and Dahlia Rin are, and each are hereby designated as, officers of the Commission and are empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

For the Commission, by the Division of Enforcement, pursuant to delegated authority.[1]

*Sanjay Wadhwa*
Sanjay Wadhwa
Acting Director, Division of Enforcement

Date Approved: November 24, 2024

---

[1] 17 C.F.R. § 200.30-4(a)(13); Pub. L. No. 87-592.